| | |
|---|---|
| MICHAEL J. REDENBURG, ESQ. PC<br>Michael Redenburg, Esq. (NY #MR4662)<br>11 Park Place, Suite 817<br>New York, NY 10007<br>Telephone: (212) 240-9465<br>Facsimile: (917) 591-1667 | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Brandon Gentle and Ian Haylock,**<br><br>                                   **Plaintiffs,**<br>v.<br><br>**NYPD Officer Charles Buglione and NYPD Officers John and Jane Does 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown).**<br>                                   **Defendants.** | **Amended Complaint**<br><br>**JURY TRIAL DEMANDED**<br><br>**Civ. No.: 17 – 686 (LAP)** |

## PRELIMINARY STATEMENT

1. Plaintiffs bring this civil rights action against NYPD Officer Charles Buglione and New York City Police Officers John & Jane Does 1 through 10, alleging that defendants violated their rights under 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by falsely arresting them, and for the Does' failure to intervene and prevent such conduct. Plaintiffs seek compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

1

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth & Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District, Plaintiffs reside in this District and because some or all of the defendants reside in this District.

## DEMAND FOR A JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, Plaintiffs demand a trial by jury in this action.

## PARTIES

5. Plaintiff Brandon Gentle ("Plaintiff" or "Mr. Gentle") is a twenty four (24) year old man who resides in the County of Bronx, City and State of New York.

6. Plaintiff Ian Haylock ("Plaintiff" of "Mr. Haylock") is a twenty one (21) year old man who resides in the County of New York, City and State of New York.

7. The individual defendants are members of the New York City Police Department ("NYPD") who were so employed on August 20, 2016. The Doe defendants were acting under color of state law and in their capacities as members of the NYPD at all relevant times. The Doe defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

8. The Incident which is the subject of the instant Complaint took place at or about 9PM on August 20, 2016, at or near Fulton Avenue between 167th Street and 168th Street, Bronx, NY.

9. Plaintiffs were attending a cookout which occurs on an annual basis on Fulton Avenue, between 167th Street and 168th Street, Bronx, NY.

10. Plaintiffs had arrived at the cookout between 6:30-7:00 p.m. that evening and at about 9 p.m., police arrived and announced that they had "heard shots fired."

11. NYPD Officer Charles Buglione and NYPD Doe Officers started talking to Plaintiffs and two others attending the cookout, Javier Bland and Charles Sledge.

12. Plaintiffs, Javier Bland and Charles Sledge all told the officers that they had not heard any shots fired.

13. NYPD Officer Charles Buglione handcuffed Plaintiffs at about 9:15 p.m. and told Plaintiffs that they were being taken to the precinct to speak to detectives.

14. Once arriving at the precinct at approximately 10 p.m., Plaintiffs never spoke to detectives but instead were told that they were being charged with criminal trespassing.

15. At approximately 4 a.m. on August 21, 2016, Plaintiffs were transported to Central Booking.

16. After sending approximately thirty eight (38) hours in Central Booking, Plaintiffs each appeared before a Criminal Court Judge for their respective arraignments.

17. Plaintiffs were each criminally charged with Criminal Trespass in the 3rd Degree, Criminal Trespass in the 4th Degree and Disorderly Conduct; each of the Plaintiffs were assigned different docket numbers.

18. At arraignment, each of the Plaintiffs' matters were adjourned in contemplation of dismissal.

19. As a result of the foregoing, Plaintiff Brandon Gentle suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation, and three days of lost earnings – all to his detriment.

20. As a result of the foregoing, Plaintiff Ian Haylock suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation – all to his detriment.

## FIRST CLAIM
*Unlawful Search and Seizure*

21. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

22. Defendants NYPD Officer Charles Buglione and the NYPD Doe Officers violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiffs without reasonable suspicion or probable cause to do so.

23. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages herein before alleged.

24. As a result of the foregoing, Plaintiff Brandon Gentle suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation, and three days of lost earnings – all to his detriment.

25. As a result of the foregoing, Plaintiff Ian Haylock suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation – all to his detriment.

## SECOND CLAIM
*False Arrest*

26. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

27. Defendant NYPD Officer Charles Buglione violated the Fourth and Fourteenth Amendments because he arrested Plaintiffs without probable cause.

28. As a result of the foregoing, Plaintiff Brandon Gentle suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation, and three days of lost earnings – all to his detriment.

29. As a result of the foregoing, Plaintiff Ian Haylock suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation – all to his detriment.

### THIRD CLAIM
*Failure to Intervene*

30. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

31. NYPD Officers John and Jane Does, who were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct and had a duty to intervene and prevent such conduct- but consciously failed and refused to intervene.

32. Accordingly, NYPD Officers John and Jane Does who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

33. As a result of the foregoing, Plaintiff Brandon Gentle suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation, and three days of lost earnings – all to his detriment.

34. As a result of the foregoing, Plaintiff Ian Haylock suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation – all to his detriment.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

a. Compensatory damages against all defendants, jointly and severally;

b. Punitive damages in an amount to be determined by a jury;

c. Reasonable attorneys' fees and costs; and

d. Such other relief as this Court shall deem just and proper.


Dated:  April 28, 2017
        New York, NY

                                       **s/Michael J. Redenburg**_____
                                       Michael J. Redenburg (NY #MR4662)
                                       MICHAEL J. REDENBURG, ESQ. PC
                                       11 Park Place, Suite 817
                                       New York, NY 10007
                                       mredenburg@mjrlaw-ny.com
                                       1-212-240-9465 (Phone)
                                       1-917-591-1667 (Fax)